CPS-378                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2354

STEVEN JUDE HOFFENBERG, Acting to benefit over
100,000 Restitution Victims Owners of Securities in Towers
Financial Corp., pursuant to court ordered restitution,

Appellant

v.

HAROLD PROVOST, LT.; BERNIE ELLIS; DURAN SHEETS; LOU MORELLO;
JOHN MINER; KARL BELFONTI, MR.; CINDY BILLISITS;
HENRY J. SADOWSKI; KIM WOODRING; CAMERON LINDSAY; ELLEN NICH;
ARISMAN, MS.; REOME, MR.; JAY KHAMM; ERIC RIPOLL, LT.;
REICH, CAPTAIN; DAVID RARDIN; CHRISTOPHER ERLEWINE;
KLAIBER, MR.; CLARK, MR.; FAIRBANKS, MS.; FULGER, MR.;
FLATT, MR.; BRIAN REYNOLDS; GEORGE HAYES; MAXWELL, MR.;
HARELL WATTS; ROY, MS.; BARRETT, MR.; STRADDE, MR.;
GREGORY, MR.; STEVEN HOUSLER; MAINES, MR.; DOORIAN, MR.;
GLORIA POPOUR; SOME SIXTY (60) JOHN DOE BOP STAFF DEFENDANTS

On Appeal From the United States District Court
For the Western District of Pennsylvania
(Civ. No. 02-00007-E)
District Judge: Honorable Sean J. McLaughlin

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Under Third Circuit LAR 27.4 and I.O.P. 10.6
September 22, 2005

Before:  ALITO, MCKEE and AMBRO, Circuit Judges

(Filed    November 15, 2005    )


OPINION


PER CURIAM

Steven Jude Hoffenberg appeals pro se from two orders of the United States

District Court for the Western District of Pennsylvania granting Appellees' motions for

dismissal and summary judgment.  For the reasons that follow, we will summarily affirm

the orders of the District Court.

Hoffenberg was incarcerated at the Federal Correctional Institution in McKean,

Pennsylvania ("FCI-McKean"), from March 1999 through July 2001.[1]  In 2002,

Hoffenberg filed this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2671 (the

Federal Tort Claims Act, hereinafter "FTCA") against Appellees, who were Bureau of

Prisons ("BOP") employees during Hoffenberg's incarceration at FCI-McKean.

Hoffenberg's amended complaint alleges numerous violations of his constitutional rights

under the First, Fifth, and Eighth Amendments, as well as an FTCA claim.  The amended

complaint also asserts that, as part of his sentence, Hoffenberg was ordered to pay

restitution totaling $475 million to the 100,000 victims of his financial crimes.  Many of

Hoffenberg's claims are related to his contention that Appellees frustrated his efforts to

---

[1]As the parties are familiar with the facts, we recite them here only as necessary to
our discussion.

2

fulfill this court-ordered obligation by impeding his attempts to conduct collections

litigation from within prison.  Hoffenberg seeks over one billion dollars in damages.

Appellees filed a motion to dismiss Hoffenberg's amended complaint for failure to

state a claim, or, in the alternative, for summary judgment, arguing that many of

Hoffenberg's claims were not administratively exhausted as required by the Prison

Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  Appellees further argue that the

few exhausted claims failed to state a claim for which relief could be granted.  Adopting

the Magistrate Judge's Report and Recommendation, the District Court dismissed all but

Hoffenberg's retaliation claims in an order entered March 5, 2004.[2]  Hoffenberg then

filed a second amended complaint which addressed his retaliation claims in more detail.

Appellees again moved for dismissal or summary judgment, on the same grounds.  In an

order entered March 18, 2005, the District Court adopted the Magistrate Judge's second

Report and Recommendation and granted summary judgment to Appellees on the

retaliation claims.  Hoffenberg timely filed this appeal.  Appellees have filed a motion for

summary affirmance, which Hoffenberg opposes.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and

1346(b)(1).  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  Hoffenberg's

notice of appeal brings up for review both of the District Court's dismissal orders.  See

---

[2]Hoffenberg's appeal from this order was dismissed for lack of jurisdiction, pursuant to 28 U.S.C. § 1291, as his retaliation claims were still pending.  Hoffenberg v. Provost, C.A. No. 04-1680 (order entered on June 30, 2004).

3

Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999). Our review of these orders is

plenary. See id. at 772; Weiner v. Quaker Oats Co., 129 F.3d 310, 315 (3d Cir. 1997).

The District Court dismissed Hoffenberg's first amended complaint in part, for

failure to state a claim. The court held that Hoffenberg's collections litigation cannot

form the basis of a First Amendment access to courts claim, as it does not challenge either

the validity of Hoffenberg's sentence or conviction or his conditions of confinement.[3]

See Lewis v. Casey, 518 U.S. 343, 355 (1996). As to the claim that Appellees violated

Hoffenberg's due process rights by placing him in disciplinary confinement, the court

held that Hoffenberg failed to show that this placement constituted an "atypical and

significant hardship" under Sandin v. Conner, 515 U.S. 472 (1995).[4] We agree with the

District Court's dismissal of these claims on the merits, based on our review of the

record. See First Report and Recommendation (Docket # 96) at 14, 20-21.

The District Court dismissed Hoffenberg's FTCA claim as unexhausted, as this

claim was still pending before the BOP when Hoffenberg filed this suit in the District

Court. See 28 U.S.C. § 2675(a). In his objections to the Report and Recommendation,

Hoffenberg argues that, by amending his complaint after the conclusion of the BOP

---

[3]In his motion opposing summary affirmance, Hoffenberg asserts that Appellees' actions damaged two of his prison lawsuits as well as five actions attacking his conviction. We decline to consider these arguments, as Hoffenberg raises them for the first time on appeal. See Union Pacific R.R. Co. v. Greentree Transp. Trucking Co., 293 F.3d 120, 126 (3d Cir. 2002).

[4]The District Court properly held that these allegations did not form the basis of an Eighth Amendment claim.

4

proceedings, he had essentially re-filed his federal suit, thus fulfilling the FTCA's

exhaustion requirement.  The District Court properly rejected this argument, as the date of

the amended complaint cannot serve as the date the federal suit was "instituted."  See

McNeil v. United States, 508 U.S. 106, 111-12 (1993).

Hoffenberg raises numerous claims under Bivens v. Six Unknown Named Agents

of Federal Bureau of Narcotics, 403 U.S. 388 (1971), including that various Appellees

participated in cover-ups of BOP staff misconduct, instituted baseless disciplinary

proceedings against him, and twice physically assaulted him.  We have reviewed the

record, including exhibits consisting of BOP records detailing Hoffenberg's

administrative remedy filings, and agree with the District Court that Hoffenberg failed to

exhaust these claims as required by 42 U.S.C. § 1997e(a).  See First Report and

Recommendation at 10-14; Decl. of Joyce Horikawa, Defendants' Exhibits Filed in

Support of their Motion to Dismiss (Docket # 133), Exhibit 1.  Hoffenberg's conclusory

statements to the contrary are insufficient to overcome Appellees' well-supported motion

for summary judgment.  See Fed. R. Civ. P. 56(c); Pastore v. Bell Tel. Co. of Pa., 24 F.3d

508, 511-12 (3d Cir. 1994).

Hoffenberg asserts that Appellees retaliated against him for filing civil rights

lawsuits against BOP staff at both FCI-McKean and FCI-Allenwood, where he was

previously incarcerated.  According to Hoffenberg, this retaliation occurred when

Appellees seized and restricted his access to his legal files, restricted his access to the

administrative remedy process, and carried out unjustified disciplinary actions against him.  For the reasons given by the District Court, the evidence in the record supports summary judgment in favor of Appellees on the merits of these retaliation claims.  See Second Report and Recommendation (Docket # 136) at 15-20.

As to Hoffenberg's retaliation claim based on Appellees' alleged denial of daily, full-time use of the law library, we agree with the District Court's alternative holding that Hoffenberg fails to state a claim, as the evidence in the record shows that he was, in fact, granted access to the law library through his ability to request and receive materials.  See Second Report and Recommendation at 22; Strade Declaration, Defendants' Exhibits Filed in Support of Their Motion to Dismiss, Exhibit 6.

Hoffenberg also alleges retaliation based on allegations that Appellees Morello and Kahm physically assaulted him and that various Appellees verbally threatened him with violence and with obstruction of access to the courts and denied him access to legal photocopies, pencils and paper.  We agree with the District Court that, although some of the underlying claims were exhausted, the retaliation component of these claims was not, and the claims are therefore procedurally defaulted.  See Second Report and Recommendation at 20-23; Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004); White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990) (retaliation itself constitutes a separate claim).

In his opposition to Appellees' motion for summary affirmance, Hoffenberg argues that Appellees are responsible for the procedural default of his claims because they

6

"lost" many of his administrative remedy forms.  To the extent that this argument restates

Hoffenberg's claim that Appellees restricted his access to the administrative remedy

process, we agree with the District Court that Appellees are entitled to summary judgment

on this claim.  See Second Report and Recommendation at 20 n.10.  We further observe

that the record evidence indicates that these allegedly "lost" forms were rejected as

incorrectly completed, and that Hoffenberg was given instructions on how to file the

forms correctly and an opportunity to re-file, if appropriate, in accordance with the

provisions of 28 C.F.R. § 542.17(a).  See Second Amended Complaint (Docket # 102),

Exhibit 1.  To the extent that Hoffenberg argues that he "substantially complied" with the

BOP's administrative remedy system merely by filing an endless stream of improperly

completed administrative remedies, his argument fails.  See e.g., Ahmed v. Dragovich,

297 F.3d 201, 209 (3d Cir. 2002).

Summary action is appropriate if there is no substantial question on appeal.  See

Third Circuit LAR 27.4.; I.O.P. 10.6.  For essentially the same reasons set forth by the

District Court, we will grant Appellees' motion for summary affirmance of the District

Court's orders dismissing Hoffenberg's first amended complaint, in part, for failure to

state a claim and granting summary judgment in favor of Appellees as to the claims raised

in the second amended complaint.  See id.

Hoffenberg's motion for appointment of counsel is DENIED.