CPS-378                                                                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2354

STEVEN JUDE HOFFENBERG, Acting to benefit over
100,000 Restitution Victims Owners of Securities in Towers
Financial Corp., pursuant to court ordered restitution,

Appellant

v.

HAROLD PROVOST, LT.; BERNIE ELLIS; DURAN SHEETS; LOU MORELLO;
JOHN MINER; KARL BELFONTI, MR.; CINDY BILLISITS;
HENRY J. SADOWSKI; KIM WOODRING; CAMERON LINDSAY; ELLEN NICH;
ARISMAN, MS.; REOME, MR.; JAY KHAMM; ERIC RIPOLL, LT.;
REICH, CAPTAIN; DAVID RARDIN; CHRISTOPHER ERLEWINE;
KLAIBER, MR.; CLARK, MR.; FAIRBANKS, MS.; FULGER, MR.;
FLATT, MR.; BRIAN REYNOLDS; GEORGE HAYES; MAXWELL, MR.;
HARELL WATTS; ROY, MS.; BARRETT, MR.; STRADDE, MR.;
GREGORY, MR.; STEVEN HOUSLER; MAINES, MR.; DOORIAN, MR.;
GLORIA POPOUR; SOME SIXTY (60) JOHN DOE BOP STAFF DEFENDANTS

On Appeal From the United States District Court
For the Western District of Pennsylvania
(Civ. No. 02-00007-E)
District Judge: Honorable Sean J. McLaughlin

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Under Third Circuit LAR 27.4 and I.O.P. 10.6
September 22, 2005

Before: ALITO, MCKEE and AMBRO, Circuit Judges

(Filed   November 15, 2005   )

OPINION

PER CURIAM

    Steven Jude Hoffenberg appeals pro se from two orders of the United States District Court for the Western District of Pennsylvania granting Appellees' motions for dismissal and summary judgment. For the reasons that follow, we will summarily affirm the orders of the District Court.

    Hoffenberg was incarcerated at the Federal Correctional Institution in McKean, Pennsylvania ("FCI-McKean"), from March 1999 through July 2001.[1] In 2002, Hoffenberg filed this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2671 (the Federal Tort Claims Act, hereinafter "FTCA") against Appellees, who were Bureau of Prisons ("BOP") employees during Hoffenberg's incarceration at FCI-McKean. Hoffenberg's amended complaint alleges numerous violations of his constitutional rights under the First, Fifth, and Eighth Amendments, as well as an FTCA claim. The amended complaint also asserts that, as part of his sentence, Hoffenberg was ordered to pay restitution totaling $475 million to the 100,000 victims of his financial crimes. Many of Hoffenberg's claims are related to his contention that Appellees frustrated his efforts to

---

[1] As the parties are familiar with the facts, we recite them here only as necessary to our discussion.

fulfill this court-ordered obligation by impeding his attempts to conduct collections litigation from within prison. Hoffenberg seeks over one billion dollars in damages.

Appellees filed a motion to dismiss Hoffenberg's amended complaint for failure to state a claim, or, in the alternative, for summary judgment, arguing that many of Hoffenberg's claims were not administratively exhausted as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Appellees further argue that the few exhausted claims failed to state a claim for which relief could be granted. Adopting the Magistrate Judge's Report and Recommendation, the District Court dismissed all but Hoffenberg's retaliation claims in an order entered March 5, 2004.[2] Hoffenberg then filed a second amended complaint which addressed his retaliation claims in more detail. Appellees again moved for dismissal or summary judgment, on the same grounds. In an order entered March 18, 2005, the District Court adopted the Magistrate Judge's second Report and Recommendation and granted summary judgment to Appellees on the retaliation claims. Hoffenberg timely filed this appeal. Appellees have filed a motion for summary affirmance, which Hoffenberg opposes.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1346(b)(1). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Hoffenberg's notice of appeal brings up for review both of the District Court's dismissal orders. See

---

[2] Hoffenberg's appeal from this order was dismissed for lack of jurisdiction, pursuant to 28 U.S.C. § 1291, as his retaliation claims were still pending. Hoffenberg v. Provost, C.A. No. 04-1680 (order entered on June 30, 2004).

Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999). Our review of these orders is plenary. See id. at 772; Weiner v. Quaker Oats Co., 129 F.3d 310, 315 (3d Cir. 1997).

The District Court dismissed Hoffenberg's first amended complaint in part, for failure to state a claim. The court held that Hoffenberg's collections litigation cannot form the basis of a First Amendment access to courts claim, as it does not challenge either the validity of Hoffenberg's sentence or conviction or his conditions of confinement.[3] See Lewis v. Casey, 518 U.S. 343, 355 (1996). As to the claim that Appellees violated Hoffenberg's due process rights by placing him in disciplinary confinement, the court held that Hoffenberg failed to show that this placement constituted an "atypical and significant hardship" under Sandin v. Conner, 515 U.S. 472 (1995).[4] We agree with the District Court's dismissal of these claims on the merits, based on our review of the record. See First Report and Recommendation (Docket # 96) at 14, 20-21.

The District Court dismissed Hoffenberg's FTCA claim as unexhausted, as this claim was still pending before the BOP when Hoffenberg filed this suit in the District Court. See 28 U.S.C. § 2675(a). In his objections to the Report and Recommendation, Hoffenberg argues that, by amending his complaint after the conclusion of the BOP

---

[3] In his motion opposing summary affirmance, Hoffenberg asserts that Appellees' actions damaged two of his prison lawsuits as well as five actions attacking his conviction. We decline to consider these arguments, as Hoffenberg raises them for the first time on appeal. See Union Pacific R.R. Co. v. Greentree Transp. Trucking Co., 293 F.3d 120, 126 (3d Cir. 2002).

[4] The District Court properly held that these allegations did not form the basis of an Eighth Amendment claim.

proceedings, he had essentially re-filed his federal suit, thus fulfilling the FTCA's exhaustion requirement. The District Court properly rejected this argument, as the date of the amended complaint cannot serve as the date the federal suit was "instituted." See McNeil v. United States, 508 U.S. 106, 111-12 (1993).

Hoffenberg raises numerous claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), including that various Appellees participated in cover-ups of BOP staff misconduct, instituted baseless disciplinary proceedings against him, and twice physically assaulted him. We have reviewed the record, including exhibits consisting of BOP records detailing Hoffenberg's administrative remedy filings, and agree with the District Court that Hoffenberg failed to exhaust these claims as required by 42 U.S.C. § 1997e(a). See First Report and Recommendation at 10-14; Decl. of Joyce Horikawa, Defendants' Exhibits Filed in Support of their Motion to Dismiss (Docket # 133), Exhibit 1. Hoffenberg's conclusory statements to the contrary are insufficient to overcome Appellees' well-supported motion for summary judgment. See Fed. R. Civ. P. 56(c); Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 511-12 (3d Cir. 1994).

Hoffenberg asserts that Appellees retaliated against him for filing civil rights lawsuits against BOP staff at both FCI-McKean and FCI-Allenwood, where he was previously incarcerated. According to Hoffenberg, this retaliation occurred when Appellees seized and restricted his access to his legal files, restricted his access to the

5

administrative remedy process, and carried out unjustified disciplinary actions against him. For the reasons given by the District Court, the evidence in the record supports summary judgment in favor of Appellees on the merits of these retaliation claims. See Second Report and Recommendation (Docket # 136) at 15-20.

As to Hoffenberg's retaliation claim based on Appellees' alleged denial of daily, full-time use of the law library, we agree with the District Court's alternative holding that Hoffenberg fails to state a claim, as the evidence in the record shows that he was, in fact, granted access to the law library through his ability to request and receive materials. See Second Report and Recommendation at 22; Strade Declaration, Defendants' Exhibits Filed in Support of Their Motion to Dismiss, Exhibit 6.

Hoffenberg also alleges retaliation based on allegations that Appellees Morello and Kahm physically assaulted him and that various Appellees verbally threatened him with violence and with obstruction of access to the courts and denied him access to legal photocopies, pencils and paper. We agree with the District Court that, although some of the underlying claims were exhausted, the retaliation component of these claims was not, and the claims are therefore procedurally defaulted. See Second Report and Recommendation at 20-23; Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004); White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990) (retaliation itself constitutes a separate claim).

In his opposition to Appellees' motion for summary affirmance, Hoffenberg argues that Appellees are responsible for the procedural default of his claims because they

6

"lost" many of his administrative remedy forms. To the extent that this argument restates Hoffenberg's claim that Appellees restricted his access to the administrative remedy process, we agree with the District Court that Appellees are entitled to summary judgment on this claim. See Second Report and Recommendation at 20 n.10. We further observe that the record evidence indicates that these allegedly "lost" forms were rejected as incorrectly completed, and that Hoffenberg was given instructions on how to file the forms correctly and an opportunity to re-file, if appropriate, in accordance with the provisions of 28 C.F.R. § 542.17(a). See Second Amended Complaint (Docket # 102), Exhibit 1. To the extent that Hoffenberg argues that he "substantially complied" with the BOP's administrative remedy system merely by filing an endless stream of improperly completed administrative remedies, his argument fails. See e.g., Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002).

Summary action is appropriate if there is no substantial question on appeal. See Third Circuit LAR 27.4.; I.O.P. 10.6. For essentially the same reasons set forth by the District Court, we will grant Appellees' motion for summary affirmance of the District Court's orders dismissing Hoffenberg's first amended complaint, in part, for failure to state a claim and granting summary judgment in favor of Appellees as to the claims raised in the second amended complaint. See id.

Hoffenberg's motion for appointment of counsel is DENIED.